## HILLS *vs.* BARNES & a.

Where an alteration appears on the face of a promissory note, it will not vitiate the note if it is shown to have been made before its delivery to the payee, or with the assent of the maker.

But in the absence of all evidence, either from the appearance of the note itself, or otherwise, to show when the alteration was made, it must be presumed to have been made subsequent to the execution and delivery of the note.

ASSUMPSIT upon a promissory note, dated April 4, 1837.

Upon the introduction of the note, in evidence, it was apparent that the date had originally been written, "May 4, 1837," and that it had, at some time, been altered to "April 4."

The defendant contended, that it was incumbent on the plaintiff to show that this alteration was made before the note was executed. No evidence when the alteration was actually made, was offered by either party.

A verdict was taken for the plaintiff, by consent, subject to the opinion of this court upon the foregoing case.

*Farley,* for the defendant. This was a material alteration, and could not be presumed to be made by consent. It is a question of fact to be determined by the jury, and the jury

might come to a conclusion upon the mere inspection of the instrument.

" An alteration in the date of a bill of exchange, by which the day of payment would be brought forward, vitiates the bill, and no action can be maintained upon it after such alteration, though in the hands of an innocent indorsee for a valuable consideration." *Master* vs. *Miller,* 2 *H. Bl. R.* 141. *See, also,* 2 *Stark. Ev.* 177; 1 *Camp.* 79; *Master* vs. *Miller,* 4 *T. R.* 320; *same case,* 5 *T. R.* 367; *Martendale* vs. *Follet,* 1 *N. H. Rep.* 95; 3 *Yeates* 391.

It is incumbent on the plaintiff to prove that any alteration, apparent on the face of the bill, was made previous to negotiation. 2 *Stark. Ev.* 178, 294; *Johnson* vs. *The Duke of Marlborough,* 2 *Stark.Cas.* 313; *Phil.Ev.* 495, (*Ed.* 1824.) Where a bill, upon the face of it, appears to have been altered, it is for the plaintiff to show that such alteration was not improperly made. *Henman* vs. *Dickinson,* 5 *Bing.* 183, (15 *Com. Law Rep.* 408,) in which case *The King* vs. *Cliviger,* 2 *T. R.* 263, is doubted.

If, upon the production of a deed, any erasure or blemish appear upon the face of the instrument, the party producing it ought to explain how the defect arose, and to show that it was made before execution of the deed. 1 *Stark. Ev.* 318; *Dyer* 261, *b. ; Cro. Car.* 399; 1 *Camp.* 79, *Hosmer* vs. *Martin ;* 1 *Esp. N. P. C.* 82; 3 *Ditto* 246.

*J. U. Parker,* for the plaintiff, contended that it is incumbent on the party who objects, to prove when an alteration apparent on the face of a bill or note was made. 4 *Stark. Ev.* 296.

PARKER, C. J. Where it is apparent, upon the face of a promissory note, that it has been altered at some time, that fact will not vitiate the note, if it appears, also, that the alteration was made before the delivery of the note to the payee, or afterwards with the assent of the maker.

Hills *v.* Barnes.

The question when the alteration was made, is one for the consideration of the jury ; and they may be satisfied, in some instances, from the inspection of the paper itself, that the alteration was made before the signature was affixed to the note. 1 *Shepley's R.* 390, *Gooch* vs. *Bryant.*

But in the absence of all evidence, either from the appearance of the note itself, or otherwise, to show when the alteration was made, it must be presumed to have been made subsequent to the execution and delivery of the note. 5 *Bing. R.* 183, *Henman* vs. *Dickinson ;* 3 *Car. & Pay.* 55, *Bishop* vs. *Chambre ;* 1 *Peters' C. C. R.* 369, *Prevost* vs. *Gratz ;—Contra,* 1 *Shepley* 390.

This rule is necessary for the security of the maker, who must otherwise take evidence of the appearance of the note when it is delivered, in order to protect himself against alterations subsequently made without his privity.

*New trial granted.*